UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIUS DAVIS, | : |
| Petitioner, | : Civ. No. 18-4260 (FLW) |
| v. | : |
| GEORGE ROBINSON et al., | : **MEMORANDUM AND ORDER TO SHOW CAUSE** |
| Respondents. | : |

      Petitioner, Julius Davis ("Davis" or "Petitioner"), is a state prisoner incarcerated at Northern State Prison, in Newark, New Jersey. He is proceeding *pro se* with this petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) According to his Petition, Davis was convicted by jury in the New Jersey Superior Court, Mercer County, of aggravated manslaughter and unlawful possession of a weapon, and, in May 2008, he was sentenced to 20 years in prison. (ECF No. 1, ¶¶ 1–6.) The Superior Court, Appellate Division, affirmed the conviction and sentence on August 2, 2010. (*Id.* ¶¶ 8–9.) Although Davis does not state that he sought certification from the Supreme Court of New Jersey, (*id.* ¶ 9(g)), public records indicate that the Supreme Court denied a petition for certification on January 7, 2011, *State v. Davis*, 12 A.3d 210 (N.J. 2011). There is no indication that Davis sought *certiorari* from the Supreme Court of the United States.

      Davis does, however, report that he filed a petition for post-conviction relief ("PCR") with the Superior Court, Mercer County, on December 12, 2014. (ECF No. 1 ¶ 11.) He states that his petition was denied on July 13, 2016, and that the Appellate Division subsequently

affirmed that denial. (*Id.* ¶¶ 11, 12.) Public records reveal that the New Jersey Supreme Court denied a petition for certification on January 12, 2018. *State v. Davis*, 178 A.3d 47 (N.J. 2018).

Davis filed his petition for writ of habeas corpus with this Court not long after, on March 26, 2018. (*See* ECF No. 1.) The Court initially administratively terminated the Petition as it was not accompanied by a proper filing fee or by an application to proceed *in forma pauperis*. (ECF Nos. 2 & 3.) Davis has now paid the proper filing fee, and the case shall be reopened. The Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") creates a one-year limitations period for habeas petitions by state prisoners, which typically begins to run when the underlying judgment "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Where a habeas petitioner has previously pursued direct appeal to a state high court, the limitations period begins to run upon the expiration of time to petition for *certiorari* from the United States Supreme Court. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).

On direct appeal of Davis's conviction and sentence, the New Jersey Supreme Court denied a petition for certification on January 7, 2011. *Davis*, 12 A.3d 210. As Davis did not seek certiorari from the United States Supreme Court, his criminal judgment became final, and his AEDPA limitations period was triggered, 90 days later, on April 7, 2011. Accordingly, it appears that the AEDPA limitations period for commencing a habeas proceeding expired in

April 2012 and that this Petition, filed in March 2018, is untimely. While the AEDPA limitations period may be statutorily tolled by the proper filing of a state PCR petition, 28 U.S.C. § 2244(d)(2), Davis did not file his PCR petition until December 2014, more than two and a half years after his time to file a habeas petition had already expired.

Davis seems to acknowledge that his Petition is untimely, noting, in the timeliness section of the form Petition, "The defendant-petitioner assert that his constitutional rights were seriously infringed during the conviction proceeding and ask this court to lift the procedural bar." (ECF No. 1 ¶ 18.) In the relief section of the Petition, Davis similarly writes that he asks the Court to "[a]ccept petitioner Habeas Corpus and lift the one-year limitation." (*Id.* at 16.) The AEDPA limitations period may be equitably tolled if the petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner has not, at this time, presented any circumstances that would support a grant of equitable tolling. Nevertheless, the Court will permit Davis one last opportunity to explain why his Petition should be considered timely or why the AEDPA limitations period should be tolled.

THEREFORE, IT IS, on this 4th day of December 2018,

ORDERED that the Clerk of the Court shall REOPEN this proceeding; and it is further

ORDERED that Petitioner shall, within thirty (30) days of the entry of this Memorandum and Order, SHOW CAUSE why the petition should not be dismissed as untimely, under 28 U.S.C. § 2244(d) and Rule 4 of the Rules Governing § 2254 Cases; **failure by Petitioner to timely respond to this order will result in the dismissal of this proceeding**; and it is further

ORDERED that the Clerk shall serve upon Petitioner a copy of this Order to Show Cause by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge