**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
JULIUS DAVIS,                                :
                                             :
        Petitioner,                        :      Civ. No. 18-4260 (FLW)
                                             :
    v.                                   :
                                             :
GEORGE ROBINSON et al.,                      :      **MEMORANDUM AND ORDER**
                                             :
        Respondents.                       :
_____          :

      Petitioner, Julius Davis ("Davis" or "Petitioner"), is a state prisoner incarcerated at Northern State Prison, in Newark, New Jersey. He is proceeding *pro se* with this petition for writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF No. 1.) In screening the Petition under Rule 4 of the Rules Governing § 2254 Cases, the Court observed that Davis's Petition appeared to be untimely under the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and ordered Davis to show cause why the proceeding should not be dismissed on this basis. (ECF No. 5.) In his response, Davis concedes that the Petition is untimely, but asserts that his petition should nonetheless be considered, as he can establish his actual innocence of the crimes for which he was convicted. (*See* ECF No. 6.) Specifically, Davis contends that two witnesses, discovered after trial, can provide exonerating testimony, including one who can purportedly "identify the perpetrator(s) of the underlying offense(s)" and "state with certainty that Davis did not commit the offense(s)." (ECF No. 6 & Ex. A.)

      Based on these new pleadings, the Court finds that a dismissal of the Petition upon preliminary screening is not warranted. Thus, the Court orders Respondents to file an answer to the Petition or, alternatively, a motion to dismiss on timeliness grounds. If respondents move to

dismiss the Petition on timeliness grounds, they shall specifically address Davis's actual-innocence arguments raised in his response to the Order to Show Cause.

Accordingly, IT IS, on this 15th day of January 2019,

ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a county prosecutor's office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that where the Petition (ECF No. 1) appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a motion to dismiss the Petition on timeliness grounds only, provided that the motion (1) attaches exhibits that evince all relevant state-court filing dates, (2) contains legal argument discussing pertinent timeliness law, **including argument concerning Petitioner's actual-innocence claim**, and (3) demonstrates that an answer to the merits of the Petition is unnecessary; and it is further

ORDERED that if a motion to dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a motion to dismiss the Petition, Respondents shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of the answer any appropriate defenses that Respondents wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state-court record of proceedings, including any *pro se* filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state-court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge